IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| CHARLES MURPHY, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 3:14CV00264-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Charles Murphy, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income. The Administrative Law Judge (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers that Plaintiff could perform despite his impairments. (Tr. 12-24.) The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 4-11.)

On March 20, 2015, the Court held oral argument at Plaintiff's request. Greg Wallace, Esquire, appeared by telephone for Mr. Murphy. Special Assistant United States Attorney Angelina S. Reese appeared by telephone for the Commissioner. The attorneys are again commended for their diligence in representing their respective clients.

This review function is extremely limited. The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v.*

1

*Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

In support of his Complaint, Plaintiff argues that the ALJ overestimated his residual functional capacity (RFC).  (Doc. No. 11 at 12-16.)  Plaintiff disagrees with the ALJ's assessment that he can perform light work.  And with an improper RFC, Murphy says the hypothetical question the ALJ posed to the vocational expert was flawed, leading to flawed testimony about other jobs he could perform.  (*Id.*)

This case is a very close call.  Plaintiff is clearly limited in his ability to perform work-related activities.  However, after close scrutiny of the ALJ's decision against the medical evidence in this case, the Court concludes that the ALJ's decision is meets the "substantial evidence" test. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  As the Commissioner points out, many of Plaintiff's issues cannot be fully substantiated through medical testing and additional diagnoses.  Plaintiff's point about Mr. Murphy's inability to afford additional treatment is well taken.  But there still is substantial evidence of record which shows that Plaintiff is capable of performing work-related activities at the light

exertional level.

Plaintiff argues this is not a case of "competing doctor's opinions" because the examination by Joseph Patterson, M.D., is not supported by the other medical evidence. The Court finds this argument to be somewhat persuasive. However, the medical evidence cuts both ways and, ultimately, the Court cannot find error in the ALJ's conclusion to give Dr. Patterson's much more recent examination controlling weight. (Tr. 22.) The ALJ's opinion evidences she carefully considered the findings of all the medical doctors. And as noted at oral argument, the ALJ dismissed the findings of James Miller, M.D., because his assessment found no limitations. (*Id.*) So while there is evidence to support Plaintiff's claim, the ALJ clearly considered all the evidence for and against Mr. Murphy's claim of disability. In coming to her conclusion, the ALJ considered all the evidence of record, and properly relied on those opinions supported by the overall medical evidence, including the various diagnostic tests. The tests showed some abnormality, but not to the degree the Plaintiff alleges. Given the record as a whole, the ALJ could fairly conclude Mr. Murphy was capable of performing light work

Plaintiff has advanced other arguments which the Court finds are without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*,

372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 7th day of April, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE